UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

THOMAS RICHARD GOEPNER,

Plaintiff,

v.

JOHN HENLEY, *et al.*,

Defendants.

Case No.: 3:25-cv-00311-MMD-CLB

ORDER

*Pro se* Plaintiff Thomas Richard Goepner, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 ("Complaint"), and has filed an application to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1, 1-1.) The Court defers a decision on the IFP and screens Plaintiff's Complaint under 28 U.S.C. § 1915A.

I.      SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

///

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants for events that took place while Plaintiff was incarcerated at Northern Nevada Correctional Center ("NNCC"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Warden John Henley, Attorney Michael Becker, Las Vegas Defense Group, and Doe Senior Staff. (*Id.* at 1-2.) Plaintiff brings one claim and seeks injunctive relief to: (a) order NDOC to reveal the names of the state actors who broke the seal on the envelope containing the C.D. and thumb drive and installed fraudulent information on them; (b) charge Becker with violations of attorney-client privilege; (c) sanction Becker and his law firm; (d) order the U.S. Attorney to investigate NDOC for copying or possessing items not in public record; and (e) request the State Bar of Nevada investigate Becker and his law firm. (*Id.* at 4, 10-11.)

Plaintiff's allegations are difficult to understand but he appears to allege the following. On February 12, 2024, Plaintiff received a package of legal documents including a C.D. and a thumb drive from his attorney Becker at the Las Vegas Defense Group. (*Id.* at 7.) On June 9, 2025, Plaintiff made a request to the law library to review the C.D. and thumb drive. (*Id.*) The law library supervisor, Ms. Vine, gave Plaintiff a June 12,

2025 appointment. (*Id*.) At the appointment, Plaintiff requested to send the C.D. and thumb drive home. (*Id*.) Ms. Vine told Plaintiff that the C.D., thumb drive, and files were sealed and that he could only send them to an attorney. (*Id*.)

After learning what "sealed records" meant, Plaintiff requested another appointment to review the C.D. and thumb drive. (*Id*.) Ms. Vine scheduled Plaintiff for June 18, 2025. (*Id*.) During that review, Plaintiff discovered that the seal on his envelope had been broken, and four entries had been added to the C.D. after Plaintiff had received the C.D. on February 12, 2024. (*Id*.) Three entries were dated December 14, 2024, and one entry was dated December 16, 2024. (*Id*.) These dates show that NNCC staff had entered the "sealed disk." (*Id*.)

There was no order to seal, but Ms. Vine showed Plaintiff information from a telephone call to NNCC from Becker on December 12, 2024. (*Id*. at 7-8.) Becker told NNCC that Plaintiff's case and file were sealed even though there was no court order. (*Id*. at 8.) Plaintiff notes that, if the disk was sealed, how did unknown NNCC staff break the seal and add entries into his legal records without Plaintiff's knowledge or written permission. (*Id*.)

Plaintiff brings claims for First, Fifth, Sixth, Eighth, and Fourteenth Amendment violations. (*Id*. at 4.) Plaintiff alleges that Becker and the Las Vegas Defense Group violated Plaintiff's First Amendment right to access the courts when they requested NNCC actors to seal his case. (*Id*.) NNCC actors violated Plaintiff's First Amendment rights by sealing the records at the request of his attorney. (*Id*.) NNCC actors violated Plaintiff's Fifth Amendment rights. (*Id*.) Becker and the Las Vegas Defense Group violated Plaintiff's Sixth Amendment rights to effective assistance of counsel. (*Id*.) NNCC actors and Becker conspired to violate Plaintiff's due process rights. (*Id*. at 5.)

As an initial matter, it is unclear to the Court what Plaintiff means when he says his records were "sealed." In the context of the Complaint, it is unclear whether Plaintiff is alleging that the envelope containing his legal records were "sealed" shut, something on the C.D. and thumb drive were "sealed," or something else. It is unclear whether Plaintiff

could access the information on the C.D. and thumb drive due to the "sealed" nature of the records. Because the Court does not understand the allegations, it cannot address Plaintiff's claims. The Court will dismiss the Complaint without prejudice with leave to amend to provide clarity as to what "sealed" means in this context. Additionally, Plaintiff should explain why Becker "sealed" the records if he can.

Although Plaintiff tries to raise various claims based on denial of access to the courts, due process violations, ineffective assistance of counsel, etc., the Court directs Plaintiff to review the legal standard for First Amendment legal mail violations.[1] Based on the allegations, it appears that Becker, an attorney, sent Plaintiff legal mail containing a C.D. and thumb drive about Plaintiff's criminal case. Based on the allegations, Becker may have tried to "seal" the documents to prevent prison staff from reviewing the legal information on the C.D. and thumb drive. However, according to Plaintiff, prison staff reviewed Plaintiff's legal envelope by breaking the "seal" and entering information onto the C.D. and thumb drive outside of his presence. Although this could potentially state a claim, it is unclear to the Court whether Plaintiff is attempting to raise such a claim.

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the Complaint and explain the meaning of "sealed" in this context. If Plaintiff chooses to file a first amended complaint, he is advised that a first amended complaint supersedes (replaces) the original complaint and, thus, the first amended complaint must be complete

---

[1]Prisoners have a First Amendment right to send and receive mail. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). Prisoners also have "a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017) (explaining that "[w]hen a prisoner receives confidential legal mail that has been opened and re-sealed, he may understandably be wary of engaging in future communication about privileged legal matters"); *see also Nordstrom v. Ryan*, 762 F.3d 903, 910 (9th Cir. 2014) (explaining that "the practice of requiring an inmate to be present when his legal mail is opened is a measure designed to *prevent* officials from reading the mail in the first place") (emphasis in original). However, prison officials may, consistent with the First Amendment, require (1) that mail from attorneys be identified as such and (2) open such correspondence in the presence of the prisoner for visual inspection. *See Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974). Additionally, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail." *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998). A prison need not treat all mail sent to government agencies and officials as legal mail. *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996).

in itself. *See Hal Roach Studios, Inc. v. Richard GFeiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that, for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's first amended complaint must contain all claims, defendants, and factual allegations that Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on the Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file a first amended complaint curing the deficiencies, as outlined in this Order, Plaintiff will file the amended complaint within 30 days from the date of entry of this Order. If Plaintiff chooses not to file a first amended complaint curing the stated deficiencies, the Court will dismiss this action without prejudice for failure to state a claim.

**III.    CONCLUSION**

It is therefore ordered that a decision on the IFP (ECF No. 1) is deferred.

It is further ordered that the Clerk of the Court file the Complaint and exhibits (ECF Nos. 1-1, 1-2).

It is further ordered that the Complaint (ECF No. 1-1) is dismissed in its entirety without prejudice with leave to amend.

It is further ordered that, if Plaintiff chooses to file a first amended complaint curing the deficiencies of his Complaint, as outlined in this Order, Plaintiff will file the first amended complaint within 30 days from the date of entry of this Order.

It is further ordered that the Clerk of the Court will send to Plaintiff: (1) the approved form for filing a § 1983 complaint with instructions; and (2) a copy of his Complaint (ECF No. 1-1). If Plaintiff chooses to file an amended complaint, he should use the approved form and mark "First Amended Complaint" in the caption.

It is further ordered that, if Plaintiff chooses not to file a first amended complaint curing the deficiencies outlined in this Order, the Court will dismiss this action without prejudice for failure to state a claim.

DATED THIS 13th Day of April 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE